**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 06-10021 |
| | ) | |
| **WILLIAM SAVEH, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING DEFENDANT LAZARIA SAVEH'S MOTION TO JOIN DEFENDANT WILLIAM SAVEH'S MOTION TO SEGREGATE DOCUMENTS (D.E. #242)**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO SEGREGATE DOCUMENTS (D.E. #76)**

Before the Court are Defendant William Saveh's Motion to Segregate Documents (D.E. #76) and Defendant Lazaria Saveh's Motion to Join Defendant William Saveh's Motion to Segregate Documents (D.E. #242). Both motions request that the Court order the United States to classify the documents to be used against each defendant and to identify the documents the government intends to use at trial. Defendants request this relief due to the sheer volume of documentary evidence produced by the government. The United States responds that it has met all of its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure and asserts that the motion to segregate is without legal or factual basis. For the reasons set forth herein, Defendant Lazaria Saveh's Motion to Join (D.E. #242) is GRANTED and Defendants' Joint Motion to Segregate (D.E. #76) is GRANTED IN PART AND DENIED IN PART.

1

**I. Introduction**

This case arises from a twelve-count indictment charging multiple defendants with bank fraud, making false financial entries and statements, money laundering, and conspiracy in violation of 18 U.S.C. §§ 2, 371, 1005, 1014, 1344, & 1957. Defendants filed discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the United States responded to each request. With respect to documentary evidence, Defendants were instructed that the items were available for inspection at the Federal Bureau of Investigation Office in Jackson, Tennessee.

On October 16, 2006, Defendant Lazaria Saveh filed a motion seeking that the Court order the United States to segregate the documents as to each defendant and identify the documents to be used at trial. In the motion, Defendant asserted that approximately 55,000 documents had been made available to defense counsel at the time and that the costs of copying these documents electronically would be greatly excessive.[1] Further, Defendant Lazaria Saveh asserted that "only a small portion of the documents are to be used as evidence against Lazaria Saveh." Def.'s Mot. to Segregate at ¶ 5. On October 19, 2006, the United States responded that it had met its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and that Defendant's motion was without factual or legal basis. Resp. to Mot. to Segregate at 1.

On October 6, 2008, Defendant Lazaria Saveh filed a Memorandum in Support of Motion to Segregate Documents to be Used Against Each Defendant. (D.E. #272). Defendant Lazaria Saveh asserted that this case "presents a discovery nightmare" and stated that the documentary evidence provided by the government had grown from approximately 50,000 documents in 2006 to over 75,000 documents in 2008. Defendant Lazaria Saveh admitted that the Court "on four

---

[1] Defendant Lazaria Saveh stated that one co-defendant's counsel "made a disc of documents at a cost of approximately fourteen thousand dollars" and that "[c]opies of that disc are available for approximately Nine thousand dollars." Def. Lazaria Saveh's Mot. to Segregate ¶ 3.

occasions indicated that it could not require the government to comply but encouraged the government to do so." Def.'s Memo at 1. Accordingly, Defendant reiterated its request for the Court to use its inherent discretion to regulate discovery and to force the United States to segregate the documents. Specifically, Defendant Lazaria Saveh argued that "the only meaningful way for counsel to know and understand what documentary evidence is going to be used against each of the . . . Defendants is to have the documents segregated as to each defendant–only then can counsel have opportunity to discover the evidence to be used against his client. Only then will the defendants in this case receive proper administration of justice." Def.'s Memo. at 3-4.

On November 15, 2008, Defendant William Saveh filed a Motion to Join in the Motion to Segregate Documents. (D.E. #242). Defendant William Saveh asserted that the government has made over 75,000 documents available, not including electronic files. Def.'s Mot. to Join ¶ 2. Because of the excessive amount of documentation, Defendant William Saveh asserted that the trial would last "many additional weeks unless the Court orders segregation of documents." Id. ¶ 5.

**II. Analysis**

The sole issue in this motion is whether the United States must bear the burden of segregating the discovery documents in order to promote judicial economy and the proper administration of justice. Defendants assert that such classification would allow the Court to insure that the trial of this case is fair and efficient. The government responds that it has met its obligations under Rule 16 of the Federal Rules of Criminal Procedure and further asserts that Local Rule 15.1 explicitly states that the defendant must bear the expense of copying or inspecting voluminous documentary evidence.

Initially, Defendant William Saveh's motion merely requests to join Defendant Lazaria Saveh's motion to segregate. For good cause shown, Defendant William Saveh's motion is GRANTED. Accordingly, the Court will proceed with its determination of the joint motion of

Defendants William and Lazaria Saveh to segregate the documents.

The Federal Rules of Criminal Procedure provide that, upon defendant's request, "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Under this provision, the government must provide any documents that it seeks to introduce in its case-in-chief, that are material to preparing a defense, or that were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Under Rule 15.1 of the Local Rules of Criminal Procedure, which governs discovery procedures, "documents shall be made available for inspection or copying, *at the defendant's expense*" when the number of documents creates an "unreasonable burden or expense" for the government to copy and attach to the response. L. R. Crim. P. 15.1. (emphasis added).

In the present case, the Court appreciates the voluminous nature of the discovery documents made available to Defendants and realizes the burden that both the United States and each Defendant must bear in organizing the evidence for presentation at trial. The Court further appreciates the efforts on behalf of all parties to attempt to make the presentation of proof as efficient and concise as possible given the approximately 75,000 evidentiary documents. Although such documentary proof abounds in this case, this is precisely the situation that Local Rule 15.1 anticipates. This matter undoubtedly and undisputedly has a quantity of documents that would create an "unreasonable burden or expense" for the government to copy and attach to its discovery response. In such cases, Local Rule 15.1 states that the documents shall only be made available and may be inspected or copied at defendant's expense. The Court will not disregard this provision and will require the defendants to bear the expense of inspecting or making copies of the discovery documents.

While it is clearly the defendant who must bear the expense of the inspection or copying, the question remains as to whether the United States has an additional burden in a document-intensive case such as this to assist the defendants by giving some additional meaningful classification to the evidence.[2] Defendants William and Lazaria Saveh have suggested that the government be required to segregate the documents that pertain to each defendant and/or identify the documents it seeks to use in its case-in-chief. As for Defendants' first suggestion, the onerous requirement of having the government determine precisely which documents are relevant to each defendant is fraught with peril. It is not the duty of the government to determine which documents are relevant to a defendant's preparation of his defense. Instead, this responsibility lies solely with counsel for the defendant, who is entrusted with this very duty in defending his client. Only defense counsel can adequately appreciate the particular circumstances of the client's defense strategy, and thus the burden must remain on defense counsel to determine which documents are relevant to his client's case. Moreover, the government correctly notes that segregating the documents would be a virtually impossible task given the quantity of documents, the number of defendants and potential theories, and the complexity of the case with "multiple issues on multiple defendants." Resp. to Def. Lazaria Saveh's Mot. to Segregate at 2. Thus, the Court finds that the United States shall not be required to segregate the documents as to each defendant.

Alternatively, Defendants request that the Court require the United States to identify the documents it intends to use in its case-in-chief. Defendants state that this would "avoid frequent requests by all defendants through their respective counsel at trial to locate and retrieve the documents(s) which the Government is presenting to witnesses." Def. William Saveh's Mot. to Join

---

[2] The United States notes that the documents are already "organized by the source of the documents and bate stamped." Resp. to Def. William Saveh's Mot. to Join at 3; see also Resp. to Def. Lazaria Saveh's Mot. to Segregate at 1.

5

¶ 4. Although the United States disputes the allegation that the trial would progress slowly and chaotically absent such disclosures, the government does not object to providing the documents it intends to introduce to opposing counsel shortly before trial commences if Defendants would reciprocate. The Court appreciates the government's offer to identify these documents in advance and finds that a pre-trial disclosure of documents sought to be introduced is appropriate and would assist in the efficient progression of this case. Accordingly, the Court finds that United States and Defendants William Saveh and Lazaria Saveh should identify all documents sought to be used at trial and shall provide this information to opposing counsel no less than <u>one week</u> before the trial commences.

### III. Conclusion

For the reasons set forth herein, Defendant Lazaria Saveh's Motion to Join Defendant William Saveh's Motion to Segregate Documents (D.E. #242) is GRANTED. Defendants William Saveh and Lazaria Saveh's Joint Motion to Segregate Documents (D.E. #76) is GRANTED IN PART AND DENIED IN PART. The United States shall not be required to segregate the documents as to each defendant, but both the United States and Defendants William Saveh and Lazaria Saveh shall be required to identify documents they seek to introduce at trial no later than <u>one week</u> before the trial commences.

**IT IS SO ORDERED** this 20th day of November, 2008.

<u>s/ Gerald B. Cohn</u>
GERALD B. COHN
UNITED STATES MAGISTRATE JUDGE